## JAMES C. ATWATER *vs.* FREDERICK W. WALKER.

1. The validity of a contract must depend upon the laws of the state where the contract was made.

2. Where the answer alleges generally, that the contract upon which the suit is brought is usurious, without any more specific allegation, it must be intended that the defence is that the contract is in violation of the statutes of this state, and to that objection alone the defence must be limited.

*Mills,* for complainant.

If mortgage is usurious, it is so by law of New York. The usury depends on the *lex loci contractus.*

It was incumbent on the defendant to show fact as well by pleadings as proofs. *Campion* v. *Kille,* 1 *McCarter* 229.

. If the security was once valid, it cannot be invalidated. *Donnington* v. *Meeker,* 3 *Stockt.* 362; *Varick's Ex'r* v. *Crane,* 3 *Green's Ch.; R.* 128; 19 *Johns. R.* 294; 2 *Ibid.* 455; 2 *Caines' Cases in Error* 66; *Chitty on Contracts* 607.

*Cutler,* for defendant.

THE CHANCELLOR. The only defence raised by the plead-

ings to the claim of the complainant for a decree is, that the mortgage sought to be foreclosed is void for usury. The answer states the circumstances under which the loan was made, which are relied upon as constituting the usury, and prays that the mortgage, so executed by the defendant to the said James C. Atwater, may be decreed to be usurious, void, and of no effect. It appears by the evidence that the negotiations for the loan were all carried on in the city of New York, and that the loan was made there. The complainant was at the time a resident of the state of New York. It is clearly a New York contract, and its validity must depend upon the laws of that state.

It has been repeatedly held in this court, that where the answer alleges generally that the contract is usurious, without any more specific allegation, it must be intended that the defence is that the contract is in violation of the statutes of this state, and to that objection alone the defence must be limited. *Cotheal* v. *Blydenburgh,* 1 *Halst. Ch. R.* 19; *Dolman* v. *Cook,* 1 *McCarter,* 56; *Campion* v. *Kille, Ibid.* 229.

Though the point had been repeatedly decided in this court and elsewhere, it had not been formally sanctioned by the Court of Appeals of this state at the time this cause was argued. An appeal had been taken in the case of *Kille* v. *Campion,* and that point, among others, had been argued and was then pending undecided in that court. The decision has since been pronounced, affirming the decree and sustaining the principle as hitherto understood and recognized.

The ground of the principle is stated with great clearness and force by Mr. Justice Vredenburgh, who delivered the opinion of the Court of Appeals, and the doctrine must be regarded as finally settled.

This renders the evidence in the cause inapplicable to the issue, and the defence unavailing.

This point was treated at the hearing as an open question, and the cause was heard upon the merits. Inasmuch as a large amount of testimony has been taken, and the case upon the merits was very fully discussed by counsel, it may be

proper and satisfactory to the parties to state that, aside from the technical difficulty arising out of the pleading, I am of opinion that the defence was not sustained by the evidence. The usury was not proved.

The complainant is entitled to a decree.

NOTE.—From this decree of the Chancellor an appeal was taken, and the decree unanimously affirmed at November Term, 1863.